IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-215-BO

| | | |
|---|---|---|
| SEONAID RIJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA JUSTICE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendants' consent motion to stay this matter pending resolution of Defendant's motion to dismiss, [DE-11]. [DE-17].

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs in favor of allowing a stay. The motion to dismiss may result in dismissal of several of Plaintiff's claims, which would narrow the issues for discovery

and trial. *See Ramirez-Rodriguez v. Wal-Mart Sore East, L.P.*, No. 5:12-CV-585-BO, [DE-40] (E.D.N.C. Feb. 28, 2013) (allowing motion to stay where allowance of defendant's pending motion for partial dismissal would result in dismissal of most of plaintiff's claims). Discovery is unnecessary to disposition of the motion to dismiss, which is ripe and has been submitted to the court for ruling. Finally, the delay inherent in staying the case is unlikely to be inordinate and is insufficient to outweigh the potential efficiencies a stay may generate. *See Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *3 (E.D.N.C. Mar. 20, 2019) ("Although the TBM parties are correct that stay of discovery will result in further delays and the pending motions to dismiss would not fully dispose of all matters in this case, the court finds a stay pending resolution of the motions to dismiss warranted in this situation," where the scope of discovery would be significantly narrowed). Accordingly, for good cause shown, the motion to stay this matter, including discovery and other case obligations, pending ruling on the motion to dismiss is allowed. If claims remain after disposition of the motion to dismiss, the parties shall conduct a Rule 26(f) meeting and file a discovery plan within twenty-one (21) days after the court's ruling.

SO ORDERED, the 14 day of September, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge